25-7042 United States v. Kendrick. Mr. Casey. Thank you. Justices and may it please the court my name is Andrew Casey on behalf of the appellant Joshua Kendrick. Briefly I'd like to start with a quote from now former chief judge of the 10th circuit Timothy Timkovich in the United States v. Garcia. He noted that none of this is meant to undermine or denigrate the vital work of magistrate judges. Without their diligence the business of the judiciary would likely come to a near halt. But in assisting district judges master magistrate judges must act within the confines of the federal magistrates act rule 59 and the United States constitution. In many in many ways your honor this type of the case that we have before you is one of the most common that we see at the federal courthouse. A drug the plea of guilty followed by a contested sentencing over applicable guidelines. For many defendants the sentencing proceedings are in effect the most important and in the eastern district of Oklahoma this is especially true because of how often the parties agree to be bound by waivers of variance and waivers of departure. For Joshua Kendrick it's the most important case of his life obviously because he received a 235 month sentence. But for questions of regularity this is an extremely uncommon case and one of the first that I've seen in this district and one of the first that I've seen a case about in this particular circuit making it in this circuit a question of first impression. The question before this court is one of structure and process. Whether an article three district court judge improperly delegated portions of sentencing duties to a magistrate judge to hold an evidentiary hearing over pre-sentence report objections. I intend to make three arguments. The first is that the district court exceeded its authority in the magistrate referral. Two, that the defendant did not forfeit his right to object. Three, the appeal waiver cannot and did not waive this issue for appeal. Don't we need to start with your last point? Happy to do that your honor. The waiver in this case is a common waiver which in its sense seems incredibly broad in the way that it works. We are waiving all appellate matters for that sentence. I think though whenever you look at the Han factors that you have to first address things like the plea colloquy. So for instance in the record volume three pages seven and eight there's a specific part of the plea colloquy where he is signing a consent to a magistrate for purposes of change of plea and he is specifically told by that magistrate judge all of your sentencing rights before a United States district judge are being preserved. Which I think goes to the very specific question of whether or not a plea in that sense can be knowing involuntarily. Knowing involuntarily. So what is your position on whether this issue about the scope of the magistrates or the district court's authority to delegate is that issue within the scope of the waiver? I don't believe so your honor and I believe that it's not inside the scope of the waiver for the same reasons that I just named but also based upon what the rest of the statute set out for what appeals are allowed in terms of this. And one of the things I think is the most important is that the pleas must be knowing and intelligently put in but in this case we're usually dealing with a district court judgment and sentence but we have the magistrates involvement which is handled later on in different types of appeals that happen later on whether they be for minor petty offenses or for the ones that require a magistrate's final order and sentence to be approved by a district court. And so I don't think that it's cleanly included inside the scope of the waiver and I would say that the plea colloquy itself would actually combat that and would suggest that the magistrate judge had told Mr. Kendrick at the time he was doing his consent for the plea that this will not affect your rights to be sentenced before a district judge. So under that part of the Hahn factor I don't think that this is one where the scope can actually take into account what occurred. Even if the court finds that though the remaining Hahn factors are incredibly important in this case. When you look at a district like the Eastern District of Oklahoma which since McGirt has been affected by the amount of filings that we've had regularity and predictability is as important of a right as we can identify when we're telling defendants here's what happens later on at your sentencing whenever we get past your change of plea. You won't have a trial any longer but we know you will go before a United States district judge and at this point in time obviously that can be a district judge from Kansas like what happened in this case or it can be what I've had. I've had district judges from Florida, New Mexico, etc. all handling these types of sentences. But those are at least article three judges that I can tell a defendant this is who will come you will go before to determine whether or not your sentence and the facts that go to your sentence are decided. And with this I can't identify how in that world he would know and be able to knowingly and voluntarily waive his right to an article three judge to hold his sentencing knowing of that we would have the intermediate part where the actual witnesses that would determine the facts are evaluated by a different judge. So let's assume that the waiver is not enforceable as to this issue of the delegation to the magistrate judge. The problem that I'm trying to surmount in your case is that you participated in the evidentiary hearing without objection. How should we be thinking about the fact that you essentially acquiesced at that point and didn't object until until later? Two notes first is that I think in a case where we talk about acquiescence in certain ways one of the things that the case law teaches us is we just don't want to get to this point before the three of you all for a decision and not have the district court properly have an idea of what is being appealed to them. Well here at docket 270 in this case an objection did occur that lined out the problems with the magistrate's authority and so the district court whenever it issued the final order and opinion in this case was well identified the issues that were before it. But I also want to say one other particular part of this and then I have some more factual parts. One specific part of the case law that I found compelling was on page 1141 of the United States versus Garcia decision that I just quoted from a little bit earlier that is actually cited in the appellee's brief. There it says, Judge Timkovich says, no criminal defendant can legitimately waive this provision and consent because a criminal defendant can only waive his individual rights. He cannot authorize the transfer of power away from an independent branch of government which speaks to me to the article one issue that is lined out in 28 U.S.C. 636 and whether or not that has been surpassed. So I'll also say this on top of that argument I would find that the government at no point before briefing said that we had failed to object and the district court did not find that either but I would also note then that with there being seven months before formal sentencing before Judge Melgrom whenever Judge Howell wrote that opinion he had had the ability to deal with that objection for about seven months and to outline like he did in the opinion in order why he thought he had the authority to delegate that matter to a magistrate. I also think that it's important when we talk about the failure to object that we look at this in respect to how the United States Supreme Court dealt with other cases which are not exactly the same but are important. So for instance in the reply brief we quoted Roel versus Withrow that was a 2003 decision and there's a couple of different notations about it. First is that they did and I think that this is probably the best argument against what I just said which is that they had indicated that there are parts where you can infer consent from the actions of the parties. That's what the Supreme Court had noted in that 5-4 decision but that was after very specific questions from that record where the court is asking directly do you have an issue with this type of authority going into this hearing and they were met with acquiescence which we don't have here in terms of this magistrate evidentiary hearing and we do have a specific objection so in Roel versus Withrow that was a plain error part that was brought up much later on and brought through and I think distinctly and this goes back to the Article 1 argument is this in 28 U.S.C. 636 C.1 which is the part of the statute that Roel versus Withrow is dealing with that's a part where there is a civil trial where the consent of the parties is allowed in that world and the Supreme Court noted in that case the statute does not require quote written consent for the civil delegation of jury trial matters to magistrates and so I compared that to the Garcia case cited by the appellee as well as the Ciappone case cited by the appellee and every part of the Tenth Circuit case law that I've been able to look when we talked about things ranging from a magistrate being able to participate in voir dire or a magistrate being able to participate in the simple consent of taking a plea to dispose of a charge in each of those cases and in everything I've seen there is always express consent required from the defendant in order to move on so in this for instance Joshua Kendrick signed an express consent for the change of plea had he had a trial and voir dire was moved to a magistrate he would have had to sign express consent with that standard being set up by the length of case law going back to the Ciappone decision I don't understand how there can now be an instance where the case law tolerates a non-express non-written acquiescence by failure to object even noting that it was objected to in the objection to the request. When Ciappone says that failure to object or otherwise request review by the district court right so you requested review. Absolutely. So is it your view that you would satisfy our case law our standard? Under Ciappone I believe that we've done everything that we need to do to preserve the error in that case and so I might be saying a lot about you know if I had if I failed to do so but I do believe that we've set out and requested review for that very specific matter. Let me go back to your waiver. Yes your honor. Do you have any cases similar to this where there's a very broad waiver and in the plea agreement and what you're saying essentially is the defendant wasn't advised of this specific right generally that's not needed when you have such a broad waiver. Do you have a case like this where you have a very broad waiver and the waiver has not been enforced because the defendant wasn't specifically advised of the of the issue that turned out to be the problem? I don't your I don't your honor but I think that also speaks to potentially the irregularity of this type of proceeding and the only case that I found that even contemplated it was that 11th Ruiz versus Rodriguez decision that had taken that up and it had really thoroughly gone through 28 USC 636 and the additional duties clause. So I don't I don't. I'm not limiting you to cases involving the magistrate perhaps exceeding authority but any other right that was not waived because the defendant was not specifically advised that this is something that might happen. No I don't have a case like that your honor but in the back of my mind I'm trying right now to collectively imagine what other rights those might be. You know for instance if if in in a lot of different waivers if we say you're going to waive procedural reasonableness but you only get substantive reasonableness if it's an above guideline above guideline sentence I mean that is very specific we know exactly what's what's going to happen and where the appellate part of it gets in. The problem that I have in this particular case is yes it's a broad waiver in that sense but the broadness of it I think commands and demands that there be a very specific predictability based on what the statutes are of what we expect the district court to later go over to be able and do. Do you agree that the waiver would forbid you from appealing a decision on the guidelines that was not supported by any evidence in the record? Do you agree that you would be able to that you would have waived that? I believe that for the rules of appellate procedures certainly that would not help an appellant in my spot right we would have to be able to cite to parts of the record. You're arguing that the sentence was improper because there was an enhancement that was not supported by any evidence that's pretty bad that's not that different from not having any evidence before the district court and just agreeing with what the magistrate judge said. Are there any cases you know of where that can be appealed has been appealable despite a broad waiver as we have here? Quite the opposite actually I would say in a lot of the cases a specific finding of fact on a guideline whenever the district judge makes it often says we can't appeal it and I think that that that is something that probably... So how is that so different from this? Well that's essentially what the judge did what you're saying is the judge didn't have any facts before him because the facts were just presented to the magistrate judge. I'm looking at page 1141 of that Garcia decision and it's just above a part that I quoted a little bit earlier but it goes to a statement that is made about consent cannot cure constitutional command which to me in this case... Surely there are waivers that waive all your constitutional rights coming out. That's true except that in those cases the constitutional rights are things like jury trial rights and we identify them on the record and we say you are aware that you have the right to cross-examine witnesses you can't be having your statement choose against you and that part of it is specifically known. The part that is here I think is actually advised in the opposite during the plea colloquy. I think that Mr. Kendrick is told you will be sentenced by a United States district judge and that's where your sentencing hearing will be held and then he signed a piece of paper that said that. So contrasted to the plea agreement that elsewhere tells him... I think we get the drift. Your time has expired. That's 47 seconds above your time limit. I didn't even look to the red clock. Thank you all so much. This is a pleasure for me to be here. Thank you counsel. Mr. Lehman. Good afternoon. May it please the court. Jared Lehman for the United States. I want to discuss perhaps the scope of the waiver is the most appropriate place to start. Inside the plea contract, inside the plea agreement, there is a specific citation to 18 U.S.C. 3742A and that lists one of the things that the defendant is specifically waiving and so it cites that section of the statute and when you look at that section of the statute, the very first subheading is sentence was in violation of the law and so the defendant has contracted. It says I'm not going to appeal anything if for a sentence that violates the law but that's yet exactly what the defendant is doing here. The defendant is saying hey my sentence was in violation of the law. Well he's challenging, isn't he challenging the magistrate judge's authority to conduct a felony sentencing proceeding. It's not, it's antecedent to the question about what 3742A speaks to. But that would still be within this sentencing procedure was unlawful. It's antecedent to that question. I mean it comes first right. It's the challenge here that is not a sentencing challenge and help me understand if I'm looking at this the wrong way but I take your point about what 3742A says on its face but it seems to me that the challenge that comes before the challenge to the sentence is a challenge to the magistrate's authority to conduct the proceeding itself. Why isn't that outside the scope of 3742A and the appeal waiver here? I don't view that as outside the scope of the of the appellate hearing. I don't view that outside the scope of 3742A. I think that is within the scope. Why? Because it has to deal with his sentence. It has to deal with the things considered before the district court. So the district court judge simply referred this matter to the magistrate to determine some factual things that happened for purposes of a contested sentencing. The defendant participated in that hearing and we'll get to waiver here shortly but the defendant participated in that hearing represented by counsel, got to make whatever arguments the defendant wanted to make, got to confront the witnesses called by the government and then got to file objections to the report and recommendation. There's just because the magistrate was involved in the sentencing doesn't necessarily implicate something outside of 3742A. I just don't see how a magistrate being involved gets us outside of the waiver that we've contracted for in this case. The district judge is the one who's who defended, right? That's right, your honor. Now this case has a special wrinkle in it in that district court judge Heil had the case originally referred it to a magistrate judge for certain factual determinations and then it got reset for a final sentencing before district court judge Melgren. So it kind of had two district court judges in sentencing but correct your honor, ultimately a district court judge did issue the final sentencing based on the magistrate report's magistrate judge of the court recommendation at heart. So one of the things I'd like to to get to is I don't know that we got a chance to delve into whether it was even error for a magistrate judge to be involved in sentencing and I think that's an important thing to look at. What this has us look at here, what this issue has us look at here is the additional duties clause within the magistrate statute or the applications for post-trial relief clause. Now the cases out of the 11th circuit all fall under the additional duties clause and the supreme court cites the additional duties clause as well but I'm not aware of any court fully adjudicating the applications for post-trial relief clause and judge Heil, the district court judge, in his order after the objection to the report cites that for his authority. That's what I was doing in this case was the applications for post-trial relief. At least that's how I read judge Heil's order. I don't know that there's anything interpreting that so I'll agree with opposing counsel. I genuinely believe this is a issue of first impression for this court but it seems to me that that is something certainly within what a magistrate judge could do. The defendant has pleaded guilty and the court has referred to a magistrate judge this post-trial issue that needs to happen and so all the magistrate judge did was engage in some fact-finding. So do you agree that the evidentiary component of the sentence is a critical stage? Absolutely, yes. So why does your argument, I'm having trouble tracking your argument in light of that common understanding. It's equally as many of the pretrial stages and it's functionally the same and this is where I kind of have an academic problem of why is a magistrate judge okay for a report recommendation on a motion to suppress but somehow not okay for a report recommendation on a factual issue at sentencing. Functionally they're the same thing. Much of the case law delves into well the district court judge needs to look at the witness and determine credibility in these contested issues. What's exact same with the motion to suppress? Often times it's the officer's statement, hypothetically, the defendant gave me permission to search the car where I found drugs. The district court judge never sees that. The district court judge simply sees the magistrate judge's report and recommendation. So functionally it's the exact same thing. One just happens before a plea, one happens after. Do you have cases from our circuit that allow that for a magistrate judge? For a? Magistrate judge to make a finding on a motion to suppress. Your honor I can't cite one to you but I can tell you that that is certainly frequently occurring in the eastern district of Oklahoma. I can't speak to the other districts but I have personally not participated in a motion to suppress hearing that wasn't referred to a magistrate judge first and then went to a district court judge. So I unfortunately I can't cite a case that says that but I can represent to the court that that is certainly the practice. Um, that being said, one of the other things I wanted to mention was and I think this falls back under the waiver agreement. One of the things that this court is going to have to find it if it does find it's within the scope is was there a miscarriage of justice? That test really turns on the fairness. Did the, did the thing, did the referring to the magistrate judge affect the fairness, integrity, or public reputation of a judicial proceeding? And it's a seriously affected the fairness of the proceeding. Again, in light of the practice for magistrate court judges to hear important issues, for example, motions to suppress and even Daubert hearings as well, I don't know where we get some sort of unfair thing that happened. The defendant got to fully participate in this hearing and by the way, didn't object to the hearing. And so I don't find where anything underhanded or unfair occurred to the defendant. And backtracking just a little bit more in the analysis, speaking of waiver, I believe the defendant fully participated in this hearing. Again, after the district court judge ordered that this hearing take place before the magistrate judge, the defendant showed up and took place in hearing. The defendant didn't object and the defendant had other relief available to them as well. Can you help me understand why that matters? Why does his failure to object matter? I'm looking at our, our case Chiapone, which I think you agreed is instructive here, right? Yes, you're on. And it talks about the failure to object or otherwise request review by the district court. And so yes, the facts here are that there was a part, there was no objection. There was participation in the hearing, but then there was an objection in the honor request for review by the district court. So it seems that our case law gives us a path to not ascribe, you know, sort of dispositive significance to the fact that he participated in the evidence hearing. I do, but I think the Supreme court gives us a little bit of a frustration with that. I think the Supreme court's main issues in its cases are if the defendant agrees to participate in the hearing, then it really appears to be no harm, no foul. What I'm citing to is the line of cases regarding magistrate judges, selection of jurors, participation in jury selection. There, the Supreme court is really interested in did the defendant consent to that? And so I think that is a very, very big part of the analysis here is if we look at this, the defendant consented. And so I don't know that or otherwise seek review. It's hard to give a lot of value to what that means. Does that mean I objected to the report and recommendation? And if so, does that mean it's dispositive somehow? Can I retroactively object after participating in the hearing? And mind you, the defendant scored a lot of points in this particular hearing. And so the defendant got to have a swing at this pitch without objecting. And then all of a sudden when it didn't fully go the defendant's way, now all of a sudden we can object it. It's a real awkward place to put the litigants. I'm just not sure that that's really reconcilable with what the Supreme court has said. Counsel, could I get you to directly address opposing counsel's argument that really nobody was thinking about a structural challenge when the appellate waiver was entered? I mean, you're thinking about a jury and da-da-da-da-da, but not a structural challenge to the system. Could you help me with that? In candor to the court, I have to admit, I've never seen this before. So I will walk in lockstep with opposing counsel. This is not something that I have ever seen before. I'm very unfamiliar with this practice happening in the my own personal research, kind of piggybacks what the district court judge found and that there's a couple of cases in the Southern District of Florida, I believe where this has occurred. So it really is interesting in that way. But I will say this, if the defendant was concerned about procedural or some sort of structural error in my sentencing hearing, then the defendant has the ability to try and contract for those things. The defendant has the ability to say, listen, I'm happy to plea, but I want to reserve the right to appeal an above-guideline sentence, or I want to reserve the right to appeal a sentence that did not incorporate this section of the guidelines or something along those lines. But opposing counsel says, why would you do that? Because nobody had ever done it before. Nobody had ever heard of it. And it's not something familiar. If it was so objectionable and so shocking, I believe the defendant had other remedies available as well. The defendant could have asked for his plea back. The defendant could have filed a petition with the court and said, listen, this is so far outside the scope of anything that I contemplated, Your Honor. I'm asking for my plea back because this just isn't something that I could have reasonably foreseen. And it's much easier to fix an alleged breach of contract before the parties start working on something. And so that early in the process, that was something that the defendant had available to him. So even if it was this really oddball thing that nobody could have really predicted, other remedies existed that the defendant didn't avail himself of. So I agree. Very hard to foresee something like this. I'm not going to hide the ball. But there was other things the defendant could have done that he didn't do. Okay. Thank you. Does the government agree that there is not a specific grant of authority in 636 for delegating these felony sentencing duties? It doesn't specifically say that. I will agree with that. But I think it's very easy to read applications for post-trial relief, that clause in there, as certainly coming within that authority. So it has to mean something. And I would think that a sentencing issue, a sentencing hearing, a sentencing fact issue is what I'm trying to say, would certainly fall within that clause. So yes, Your Honor, it specifically does not say that. But there is some pretty meaningful language in there that says that a magistrate judge could have some sort of role in this sentencing type equation. I'm sorry. What language are you saying says that? Give you one second, Your Honor. I'll give you the actual citation here. So this is 28 USC 636. We have, there's two main clauses in that that really pop up for us. We have the Additional Duties Clause, and that's the 11th Circuit line of cases, and I believe that falls under the 11th Circuit line of cases, the United States v. Ruiz-Rodriguez, and the Supreme Court case, Gomez v. United States. And that deals with what the courts in those cases call the Additional Duties Clause. There's additional language in 28 USC 636 that deal with the magistrate judge's authority, and it talks about applications for post-trial relief. And it comes just after the section where they're talking about a district court can refer for a court recommendation the following things. And that's where that section comes in, Your Honor. And you don't have any case law that interprets an application for post-trial relief to mean sentencing, which is a separate stage of the process. Your Honor, outside of those Southern District of Florida cases, I'm unaware of that ever being litigated. And those cases, they don't fully litigate it other than it happened. And so they don't get into the merits of it particularly. So no, Your Honor, I do not. Yeah, I mean, I think I'm just thinking out loud about why it would make sense to adopt your reading. And what counsel's against adopting it is that we're not talking about post-trial relief. We're talking about another independent stage of the proceedings. Your Honor, all I can say is that I think sentencing would be the post-trial thing. I mean, if you think about what happens after a trial, it's sentencing that's the next big thing that happens. So I think it falls pretty easily within that clause, Your Honor. Okay. With that, Your Honor, I would ask, Your Honors, I would ask that this court affirm the defendant's states. Thank you. Thank you, counsel. Case is submitted. Counsel are excused.